Arthur F. Silbergeld (SBN 81093)
silbergelda@dicksteinshapiro.com
Jennifer A. Awrey (SBN 244332)
awreyj@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
Telephone: (310) 772-8300
Facsimile: (310) 772-8301

Attorneys for Defendant
GRASSROOTS CAMPAIGNS, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| CARLOS AGUILAR, and JULIANNE O'HARA, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GRASSROOTS CAMPAIGNS, INC., and DOES 1 through 50, inclusive,<br><br>　　　　Defendant. | CASE NO. **'13CV1566 MMA RBB**<br><br>**DEFENDANT GRASSROOTS CAMPAIGNS, INC.'S NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS CARLOS AGUILAR AND JULIANNE O'HARA AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Grassroots Campaigns, Inc. ("Defendant") hereby removes the state court action described below to this Court under 28 U.S.C. § 1441(b), based on diversity jurisdiction (28 U.S.C. § 1332), as set forth below.

## THE STATE COURT ACTION

1. Court records reflect that on May 28, 2013, Plaintiffs Carlos Aguilar and Julianne O'Hara ("Plaintiffs") filed a Complaint in the Superior Court of the State of California for the County of San Diego entitled *Carlos Aguilar and Julianne O'Hara v. Grassroots Campaigns, Inc.*, Case No. 37-2013-00050421-CU-OE-CTL. True and correct copies of the Complaint, Notice of Case Assignment, Instructions for Unlimited Civil Cases, and Alternative Dispute Resolution (ADR) Information Package of San Diego County are attached hereto as Exhibit A. The Complaint is the initial pleading setting forth the claim for relief upon which the action is based.

2. Plaintiff served the Summons and Complaint via process server on Defendant's agent for service of process on June 5, 2013. Attached as Exhibit B is a true and correct copy of the Summons. On July 1, 2013, Defendant served an Answer to Plaintiffs' Complaint, a true and correct copy of which is attached hereto as Exhibit C. The documents included in Exhibits A, B, and C constitute all of the process, pleadings, and orders served on or by Defendant, in accordance with 28 U.S.C. § 1446(a).

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

## JOINDER

4. There is only one named defendant in this action. Accordingly, joinder by other defendants in the Notice of Removal is not applicable.

## DIVERSITY JURISDICTION

5. The state court action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity jurisdiction. The state court action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000 (here, per

plaintiff), exclusive of interest and costs, as explained below.

### The Parties' Citizenship

6. There is complete diversity of citizenship because the operative parties, Plaintiff and Defendant, are citizens of different states.

7. Defendant is informed and believes, and on that basis alleges, that as of May 28, 2013, when the Complaint was filed, and as of the date of this Notice of Removal, Plaintiffs are citizens of the State of California.

8. Even though Plaintiffs filed their Complaint on behalf of a putative class, only the citizenship of the *named parties* in a class action (the representative plaintiffs and defendant) is considered for diversity purposes. That the action is maintained on behalf of other, nondiverse class members does not affect diversity jurisdiction. *See Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).

9. As of May 28, 2013, when the Complaint was filed, and as of the date of this Notice of Removal, Defendant is a corporation existing under the laws of the State of Colorado. (Declaration of Susan Moran, ¶ 2.) Defendant's principal place of business in the State of Massachusetts. (*Id.*) Defendant is the only named defendant in this action, and the only defendant that has been served with a summons and complaint in this action.

10. The citizenship of defendants sued under fictitious names is disregarded for purposes of removal, pursuant to 28 U.S.C. § 1441(a).

### The Amount In Controversy

11. Plaintiffs seeks damage and other remedies in excess of the $75,000 minimum set forth in 28 U.S.C. § 1332(a).

12. The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In cases where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant bears the burden of establishing that the amount in controversy exceeds $75,000. *Celestino v. Renal Advantage Inc.*, 2007 WL 1223699, *3 (N.D. Cal. 2007). The amount in controversy is determined "based on the damages that can reasonably be anticipated at the time of removal." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D.Cal. 2002).

13. Plaintiffs seek to represent a class comprised of current and former Canvas Directors and Assistant Canvas Directors employed by Defendant from May 28, 2009 to present. (Complaint, ¶ 22.) Plaintiffs and the putative class seek damages from alleged Labor Code violations, including unpaid overtime, missed meal periods and rest breaks, unpaid wages, inaccurate pay statements, and penalties for the late payment of wages. The penalties for the late payment of wages, alone, could be as high as 30 days' wages for each putative class member.

14. Based solely on the allegations of Labor Code violations to date, Plaintiffs seek damages in excess of $75,000, and Defendant has therefore met its burden of showing that the amount in controversy is greater than $75,000. *Celestino*, 2007 WL 1223699 at *4 (after establishing that lost wages exceeded $75,000, the defendant was not required to prove the possible damages for plaintiff's claims of emotional distress, medical expenses, punitive damages, and attorneys' fees).

15. In addition to restitution and unpaid wages for allegedly unpaid commissions, Plaintiff also seeks penalties under the California Labor Code and attorneys' fees. (Complaint, Prayer.) In its answer, Defendant also requests attorneys' fees. Attorneys' fees also should be considered when determining the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1034-35 (in determining the amount in controversy, expected attorneys' fees through trial are considered).

16. The amount in controversy therefore exceeds $75,000, exclusive of interest and costs. *See Beaver v. NPC Int'l, Inc.*, 451 F.Supp.2d 1196, 1200 (D.Or. 2006) (court held that "claim for attorneys fees, the potential claim for punitive damages, and the claim for front pay, taken together with the $37,000 in back pay and non-economic damages specifically sought in the complaint, more likely than not total an amount in controversy greater than the $75,000 jurisdictional threshold").

## COMPLIANCE WITH STATUTORY REQUIREMENTS

17. In accordance with 28 U.S.C. § 1446(a), attached herewith as Exhibits A, B, and C and incorporated by reference are copies of all process, pleadings, and orders which have been received or sent by Defendant in this action.

18. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of the service on Defendant of the pleading and process upon which this action is based.

19. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal of this action to Plaintiff, through his attorney of record, and to the Superior Court of California for the County of Los Angeles.

20. Defendant therefore removes the original action brought by Plaintiff, now pending in the Superior Court of California for the County of San Diego, from the State Court to this Court.

21. Defendant reserves the right to amend or supplement this Notice of Removal.

DATED: July 3, 2013       DICKSTEIN SHAPIRO LLP

By: _____
Arthur F. Silbergeld
Jennifer A. Awrey
Attorneys for Defendant
GRASSROOTS CAMPAIGNS, INC.