# EXHIBIT A



1  Scott Edward Cole, Esq. (S.B. # 160744)
2  Hannah R. Salassi, Esq. (S.B. #230117)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile: (510) 891-7030
5  Email:  scole@scalaw.com
   Email:  hsalassi@scalaw.com
6  Web: www.scalaw.com

7  Attorneys for Representative Plaintiffs
   and the Plaintiff Class

8

9            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               IN AND FOR THE COUNTY OF SAN DIEGO

11

12  CARLOS AGUILAR, and JULIANNE          )   Case No.  37-2013-00050421-CU-OE-CTL
    O'HARA, individually, and on behalf    )
13  of all others similarly situated,      )   **CLASS ACTION**
                                           )
14                    Plaintiffs,          )   **COMPLAINT FOR DAMAGES,
                                           )   INJUNCTIVE RELIEF, AND RESTITUTION**
15  vs.                                    )
                                           )
16  GRASSROOTS CAMPAIGNS, INC.,            )
    and DOES 1 through 50, inclusive,      )
17                                         )
                      Defendants.          )
18  _____

19  Representative Plaintiffs allege as follows:

20

21                      PRELIMINARY STATEMENT

22       1.      This is a class action, brought on behalf of Carlos Aguilar, and Julianne O'Hara

23  (hereinafter "Representative Plaintiffs") and all other persons similarly situated ("Class Members")

24  who are or were employed as salaried Canvas Directors and/or Canvas Assistant Directors ("Canvas

25  Directors") by defendants Grassroots Campaigns, Inc., and Does 1 through 50, inclusive

26  (collectively "Defendant" and/or "Grassroots Campaigns") in any Grassroots Campaigns location in

27  California within the applicable class period. The Representative Plaintiffs, on behalf of themselves

28  and the Class Members, seek unpaid wages, including unpaid overtime compensation, compensation

*(left margin vertical text)* SCOTT COLE & ASSOCIATES, APC  ATTORNEYS AT LAW  THE WACHOVIA TOWER  1970 BROADWAY, NINTH FLOOR  OAKLAND, CA 94612  TEL (510) 891-9800

1  for missed meal and rest periods, interest thereon and other penalties, injunctive and other equitable

2  relief, and reasonable attorneys' fees and costs under, inter alia., Title 8 of the California Code of

3  Regulations, California Business and Professions Code §§17200, et seq., California Code of Civil

4  Procedure §1021.5, and various provisions of the California Labor Code.

5       2.      The Class Period is designated as the time from May 28, 2009 through the date of

6  trial or settlement, based upon the allegation that the violations of California's wage and hour laws,

7  as described more fully below, have been ongoing throughout that time.

8       3.   .   During the Class Period, Grassroots Campaigns has had a consistent policy of (1)

9  permitting, encouraging and/or requiring its allegedly overtime-exempt salaried Canvas Directors,

10 including the Representative Plaintiffs and Class Members, to work in excess of eight hours per day

11 and in excess of forty hours per week without paying them overtime compensation as required by

12 California's wage and hour laws, (2) unlawfully failing to provide the Representative Plaintiffs and

13 Class Members statutorily-mandated meal and rest periods, and (3) willfully failing to provide the

14 Representative Plaintiffs and the Class Members with accurate semi-monthly itemized wage

15 statements reflecting the total number of hours each worked, the applicable deductions, and the

16 applicable hourly rates in effect during the pay period.

17      4.      In addition, Representative Plaintiffs allege, on information and belief, that

18 Grassroots Campaigns has had a consistent policy of willfully failing to pay compensation (including

19 unpaid overtime) in a prompt and timely manner to certain Class Members whose employment with

20 Grassroots Campaigns has terminated.

21

22                          **INTRODUCTION**

23      5.      Grassroots Campaigns is an organization that operates fund-raising face-to-face

24 campaigns for political parties, candidates, and advocacy groups.

25      6.      Grassroots Campaigns operates numerous offices throughout California, including

26 those in which Representative Plaintiffs have worked as Canvas Directors. The Representative

27 Plaintiffs are informed and believe and, on that basis, allege that within the Class Period, Grassroots

28 Campaigns employed hundreds of individuals in California in recent years who occupied salaried

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  Canvas Director positions at its Grassroots Campaigns locations, employment positions which did

2  not, and currently do not, meet any known test for exemption from the payment of overtime wages

3  and/or the entitlement to meal or rest periods.

4     7.     Despite actual knowledge of these facts and legal mandates, Grassroots Campaigns

5  has and continues to enjoy an advantage over its competition and a resultant disadvantage to its

6  workers by electing not to pay premium (overtime, meal and rest period wages) and/or "penalty"

7  (a.k.a. "waiting time") wages to its salaried Canvas Directors at its California Grassroots Campaigns

8  locations.

9     8.     Representative Plaintiffs are informed and believe and, based thereon, allege that

10 officers of Grassroots Campaigns knew of these facts and legal mandates yet, nonetheless,

11 repeatedly authorized and/or ratified the violation of the laws cited herein.

12    9.     Despite Grassroots Campaigns' knowledge of Class Members' entitlement to

13 overtime pay and meal and/or rest periods for all applicable work periods, Grassroots Campaigns

14 failed to provide the same to the Class Members, in violation of California state statutes, the

15 applicable California Industrial Welfare Commission Wage Order, and Title 8 of the California Code

16 of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct

17 once and for all.

18

19                        <u>JURISDICTION AND VENUE</u>

20    10.     This Court has jurisdiction over the Representative Plaintiffs' and Class Members'

21 claims for unpaid wages and/or penalties under, *inter alia.*, the applicable Industrial Welfare

22 Commission Wage Order, Title 8 of the California Code of Regulations, Labor Code §§201-204,

23 226.7, 510, 512, 1194, 1198, and/or the California Code of Civil Procedure §1021.5.

24    11.     This Court also has jurisdiction over the Representative Plaintiffs' and Class

25 Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Grassroots

26 Campaigns' unfair and/or fraudulent business practices under California Business & Professions

27 Code §17200, *et seq.*

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    12.    Venue as to Defendant is proper in this judicial district pursuant to Code of Civil

2   Procedure §395(a). Grassroots Campaigns maintains a campaign location within the County of San

3   Diego, transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes

4   of service of process. The unlawful acts alleged herein have and have had a direct effect on the

5   Representative Plaintiffs and those similarly situated within the State of California and within the

6   County of San Diego. Grassroots Campaigns operates said facilities and has employed numerous

7   Class Members in the County of San Diego and throughout counties within the State of California.

8

9                                   **PLAINTIFFS**

10    13.    Representative Plaintiff Carlos Aguilar, is a natural person who was employed by

11   Grassroots Campaigns as a salaried Canvas Director within the State of California during the Class

12   Period.

13    14.    Representative Plaintiff, Julianne O'Hara is a natural person who was employed by

14   Grassroots Campaigns as a salaried Assistant Canvas Director within the State of California during

15   the Class Period.

16    15.    As used throughout this Complaint, the term "Class Members" refers to the

17   Representative Plaintiffs herein as well as each and every person eligible for membership in the class

18   of persons as further described and defined herein.

19    16.    At all times herein relevant, the Representative Plaintiffs were and are persons within

20   the class of persons further described and defined herein.

21    17.    The Representative Plaintiffs bring this action on behalf of themselves and as a class

22   action, pursuant to California Code of Civil Procedure §382, on behalf of all persons similarly

23   situated and proximately damaged by the unlawful conduct described herein.

24                                   **DEFENDANTS**

25    18.    Representative Plaintiffs are informed and believe and, based thereon, allege that at

26   all times herein relevant, defendants Grassroots Campaigns, Inc. and Does 1 through 50, did

27   business within the state of California providing strategic consulting & fundraising for various

28   causes and political organizations.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE PACHOVA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-4-
Complaint for Damages, Injunctive Relief, and Restitution

19.   The defendants identified as Does 1 through 50, inclusive, are and were, at all relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Representative Plaintiffs are informed and believe and, on that basis, allege that at all relevant times herein mentioned, defendants Grassroots Campaigns and those identified as Does 1 through 50, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of the Representative Plaintiffs and Class Members at numerous California locations as identified in the preceding paragraph.

20.   The Representative Plaintiffs are unaware of the true names and capacities of those defendants sued herein as Does 1 through 50, inclusive and, therefore, sue these defendants by such fictitious names. The Representative Plaintiffs will seek leave of Court to amend this Complaint when such names are ascertained. The Representative Plaintiffs are informed and believe and, on that basis, allege that each of the fictitiously-named defendants were responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that the Representative Plaintiffs' and Class Members' damages, as herein alleged, were proximately caused thereby.

21.   The Representative Plaintiffs are informed and believe and, on that basis, allege that at all relevant times herein mentioned each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

22.   Representative Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Grassroots Campaigns' conduct including, but not necessarily limited to, the following Plaintiff Class:

> "All persons who were employed as a salaried Canvas Director and/or Canvas Assistant Director by Defendant in one or more of its Grassroots Campaigns locations in California at any time on or after May 28, 2009"

23.   Grassroots Campaigns, its officers, and directors are excluded from the Plaintiff Class.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL (510) 891-9800

24.     This action has been brought and may properly be maintained as a class action under Code of Civil Procedure §382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable:

a.     Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiffs are informed and believe and, on that basis, allege that there are sufficient Class Members to meet the numerosity requirement. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Grassroots Campaigns.

b.     Commonality: The Representative Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)     Whether defendant Grassroots Campaigns violated IWC Wage Order and/or Labor Code §510 by failing to pay overtime compensation to its salaried Canvas Directors who worked in excess of forty hours per week and/or eight hours per day;

2)     Whether defendant Grassroots Campaigns violated California Business and Professions Code §17200, et seq. by failing to pay overtime compensation to its salaried Canvas Directors who worked in excess of forty hours per week and/or eight hours per day;

3)     Whether defendant Grassroots Campaigns violated California Labor Code §1174 by failing to keep accurate records of employees' hours of work;

4)     Whether defendant Grassroots Campaigns violated California Labor Code §§201-204 by failing to pay overtime wages due and owing at the time that certain Class Members' employment with Defendant terminated;

5)     Whether defendant Grassroots Campaigns violated California Labor Code §226 by failing to provide the semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period; and

6)     Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code §203.

c.     Typicality: The Representative Plaintiffs' claims are typical of the claims of Class Members. The Representative Plaintiffs and Class Members sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d.     Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.  Adequacy of Representation: The Representative Plaintiffs in this class action are adequate representatives of the Plaintiff Class in that the Representative Plaintiffs' claims are typical of those of the Plaintiff Class and the Representative Plaintiffs have the same interest in the litigation of this case as the Class Members. The Representative Plaintiffs are committed to vigorous prosecution of this case and have retained competent counsel who are experienced in conducting litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. The Representative Plaintiffs anticipate no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

25.  As described herein, for years Grassroots Campaigns has knowingly failed to adequately compensate those employees within the class definition identified above for all wages earned (including premium wages such as overtime wages and/or compensation for missed meal and/or rest periods) under the California Labor Code and the applicable IWC Wage Order, thereby enjoying a significant competitive edge over other retailers.

26.  Grassroots Campaigns has declined to pay these wages, even upon a Class Member's termination or resignation from employment, in blatant violation of California Labor Code §201 and/or §202.

27.  California Labor Code §§201 and 202 require Defendant to pay severed employees all wages due and owed to the employee immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code §203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

28.  Furthermore, despite its knowledge of the Representative Plaintiffs' and the Class Members' entitlement to compensation for all hours worked, Defendant violated California Labor Code §1174(d) by failing to provide or require the use, maintenance, or submission of time records

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

Complaint for Damages, Injunctive Relief, and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  by members of the class. Grassroots Campaigns also failed to provide the Representative Plaintiffs

2  and Class Members with accurate semimonthly itemized statements of the total number of hours

3  worked by each, and all applicable hourly rates in effect, during the pay period, in violation of

4  California Labor Code §226. In failing to provide the required documents, Defendant has not only

5  failed to pay its workers the full amount of compensation due but the company has also, until now,

6  effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial

7  impact of its wrongdoing that such documents might otherwise have led workers to discover.

8       29.    Representative Plaintiffs and all persons similarly situated are entitled to unpaid

9  compensation, yet, to date, have not received such compensation despite many of the same having

10  been terminated by and/or resigned from Grassroots Campaigns. More than 30 days have passed

11  since certain Class Members have left Defendant's employ.

12       30.    As a consequence of Defendant's willful conduct in not paying former employees

13  compensation for all hours worked in a prompt and timely manner, certain Class Members are

14  entitled to up to 30 days wages as a penalty under Labor Code §203, together with attorneys' fees

15  and costs.

16       31.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

17  Representative Plaintiffs and Class Members have sustained damages, as described above, including

18  compensation for loss of earnings for hours worked on behalf of Defendant, in an amount to be

19  established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set

20  forth herein, certain Class Members are entitled to recover "waiting time" penalties (pursuant to

21  California Labor Code §203) and penalties for failure to provide semimonthly statements of hours

22  worked and all applicable hourly rates (pursuant to Labor Code §226) in an amount to be established

23  at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein,

24  Representative Plaintiffs and Class Members are also entitled to recover costs and attorneys' fees

25  pursuant to California Labor Code §1194 and/or California Civil Code §1021.5, among other

26  authorities.

27       32.    Representative Plaintiffs seek injunctive relief prohibiting Defendant from engaging

28  in the complained-of illegal labor acts and practices in the future. Representative Plaintiffs also seek

1    restitution of costs incurred by Representative Plaintiffs and Class Members under California's

2    Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked,

3    while Representative Plaintiffs and Class Members bear the financial brunt of Defendant's unlawful

4    conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth

5    herein, Representative Plaintiffs and the Plaintiff Class are also entitled to recover costs and

6    attorneys' fees, pursuant to statute.

7        33.    Representative Plaintiffs complied with the procedures for bringing suit specified in

8    California Labor Code § 2699.3. By letter dated April 18, 2013, Representative Plaintiffs gave

9    written notice, by certified mail, to the Labor and Workforce Development Agency ("LWDA") and

10   Defendant of the specific provisions of the California Labor Code alleged to have been violated,

11   including the facts and theories to support the alleged violations

12

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94611
TEL: (510) 891-9800

13                        **FIRST CAUSE OF ACTION**
                **FAILURE TO PROVIDE MEAL AND/OR REST PERIODS**
14                    **(California Labor Code §§226.7 and 512)**

15       34.    Representative Plaintiffs incorporate in this cause of action each and every allegation

16   of the preceding paragraphs, with the same force and effect as though fully set forth herein.

17       35.    At all relevant times, Defendants were aware of and are under a duty to comply with

18   California Labor Code §§ 226.7 and 512.

19       36.    California Labor Code § 226.7 provides:

20           (a)    No employer shall require any employee to work during any meal or
         rest period mandated by an applicable order of the Industrial Welfare
21       Commission.

22           (b)    If an employer fails to provide an employee a meal period or rest
         period in accordance with an applicable order of the Industrial Welfare
23       Commission, the employer shall pay the employee one additional hour of pay
         at the employee's regular rate of compensation for each work day that the
24       meal or rest period is not provided.

25

26       37     California Labor Code § 512 provides:

27           An employer may not employ an employee for a work period of more than
         five hours per day without providing the employee with a meal period of not
28       less than 30 minutes, except that if the total work period per day of the
         employee is no more than six hours, the meal period may be waived by

-9-
Complaint for Damages, Injunctive Relief, and Restitution

mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

38.     By failing to consistently provide uninterrupted and unrestricted meal periods and to provide uninterrupted rest periods to its salaried Canvas Directors, Defendants violated California Labor Code §§ 226.7 and/or 512, and §§ 11 and 12 of the applicable IWC Wage Order.

39.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiffs and the Class Members have sustained damages, including loss of compensation/wages, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, the Representative Plaintiffs and the Class Members are entitled to recover various penalties, in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY WAGES DUE
(California Labor Code §§ 203-204, 510 and 1198)

40.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

41.     California Labor Code § 203 provides, in part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action thereof is commenced; but the wages shall not continue for more than 30 days.

42.     California Labor Code § 203 provides, in part:

> Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

43.     California Labor Code § 510 provides, in part:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Any work in excess of eight hours in one workday and any work in excess of
40 hours in any one workweek and the first eight hours worked on the
seventh day or work in any one workweek shall be compensated at the rate of
no less than one and one-half times the regular rate of pay for an employee....

44.     Representative Plaintiffs and the Class Members were employed by Defendants during the Class Period and did not receive all wages owed in the time dictated by Labor Code § 204. Moreover, certain class members voluntarily or involuntarily severed employment with Grassroots Campaigns, yet were not paid timely wages due immediately upon the involuntary termination or within seventy-two hours of the voluntary termination of their respective employment positions with Grassroots Campaigns. Said non-payment and/or untimely payment was the direct and proximate result of a willful refusal to do so by Grassroots Campaigns.

45.     More than thirty days has elapsed since certain Class Members were terminated and/or resigned from the Defendants' employ.

46.     As a direct and proximate result of Defendants' willful conduct in failing to pay said Class Members for all hours worked, certain Class Members are entitled to recover penalties of thirty days' wages, pursuant to California Labor Code § 203, in an amount to be established at trial, together with attorneys' fees and costs.

47.     During the Class Period, Representative Plaintiffs and Class Members were employed by and did perform work for Grassroots Campaigns, often times in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of hours will be proven at trial.

48.     During said time period, Defendants refused and/or failed to compensate Representative Plaintiffs and the Class Members for some and/or all of wages earned, in violation of the California Labor Code and the applicable IWC Wage Order.

49.     By refusing to compensate Representative Plaintiffs and the Class Members for all wages earned, Defendants violated those California Labor Code and the applicable IWC Wage Order provisions cited herein.

50.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiffs and the Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(California Labor Code §§ 226 and 1174)

51.   Representative Plaintiffs incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

52.   California Labor Code § 226(a) provides:

Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

53.   The IWC Wage Order also establishes this requirement in § 7(B) thereof (8 Cal. Code Regs. § 11010 *et. seq.*).

54.   Moreover, California Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

55.   Finally, California Labor Code § 1174 provides:

Every person employing labor in this state shall: (d) Keep, at a central location in the state... payroll records showing the hours worked daily by and the wages paid to ... employees .... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

56.   Representative Plaintiffs seeks to recover actual damages, costs and attorneys' fees under this section on behalf of themselves and the Class Members.

57.   Defendant Grassroots Campaigns failed to provide timely, accurate itemized wage statements to Representative Plaintiffs and the Class Members in accordance with Labor Code §

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  226(a) and the applicable IWC Wage Order. None of the statements provided by defendant

2  Grassroots Campaigns has accurately reflected actual gross wages earned, net wages earned, or the

3  appropriate deductions for Class Members.

4       58.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein,

5  Representative Plaintiffs and the Class Members are entitled to recover penalties, in an amount to be

6  established at trial, as well as costs and attorneys' fees, pursuant to statute.

7

8                    **FOURTH CAUSE OF ACTION**
  **UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**

9                  **(California Business & Professions Code §§ 17200-17208)**

10       59.   Representative Plaintiffs incorporates in this cause of action each and every allegation

11  of the preceding paragraphs, with the same force and effect as though fully set forth herein.

12       60.   Representative Plaintiffs further brings this cause of action under California's Unfair

13  Competition Law, seeking equitable and statutory relief to stop the misconduct of Grassroots

14  Campaigns, as complained of herein, and to compel the payment of restitution by Defendants as a

15  result of the unfair, unlawful, and/or fraudulent business practices described herein.

16       61.   The knowing conduct of Defendants, as alleged herein, constitutes an unlawful and/or

17  fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-

18  17208. Specifically, Defendants conducted business activities while failing to comply with the legal

19  mandates cited herein.

20       62.   Defendants' knowing failure to adopt policies in accordance with and/or adhere to

21  these laws, all of which are binding upon and burdensome to Defendants' competitors, provides

22  Defendants with an unfair competitive advantage, thereby constituting an unfair business practice, as

23  set forth in California Business & Professions Code §§ 17200-17208.

24       63.   Defendant Grassroots Campaigns has clearly established a policy of accepting a

25  certain amount of collateral damage, as represented by the damages to Representative Plaintiffs and

26  the Plaintiff Class herein alleged, as incidental to its business operations, rather than accept the

27  alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne

28  by responsible competitors of Defendants and as set forth in legislation and the judicial record.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

64.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Defendants have been unjustly enriched in an amount equaling or exceeding the amount of damages, penalties, interest, fees and costs payable to the Representative Plaintiffs and the Plaintiff Class herein. Representative Plaintiffs and the Plaintiff Class are entitled to restitution of all of Defendants' ill-gotten gains, according to proof, and to injunctive relief to halt Defendants' unfair, unlawful and/or fraudulent business practices.

**FIFTH CAUSE OF ACTION**
**PRIVATE ATTORNEYS GENERAL ACT CLAIM**
**(California Labor Code §§ 2698 et seq.)**

65.    Representative Plaintiffs incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

66.    The Private Attorneys General Act of 2004, California Labor Code § 2699 (a) states:

> Notwithstanding any other provision of the law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees...

67.    Representative Plaintiffs are "aggrieved employees" as defined by California Labor Code § 2699(c) because they were employed by Defendants and were among the many employees against whom violations of the law were committed.

68.    Representative Plaintiffs have met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Defendants for violations of Labor Code §§ 201-203, inclusive, 204, 226, 226.7, 406, 510, 512, 1174, 1194, 1197, 1198 and 2802. Representative Plaintiffs bring this action on behalf of themselves and all class members who have not received meal and rest periods as they are entitled under California Labor Code §§ 226.7 and 512, who were not paid overtime wages under California Labor Code §§ 510, 1194, and 1198, who did not receive all wages due upon severance under California Labor Code §§ 201-203, inclusive, who were not provided time records and who did not receive accurate wage statements under California Labor Code §§ 226 and 1174.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY NINTH FLOOR
OAKLAND, CA 94612
TEL (510) 891-9800

69.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Class Members have sustained damages, including loss of earnings, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Class Members are entitled to recover various penalties as provided by California Labor Code § 2699, in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

### RELIEF SOUGHT

WHEREFORE, the Representative Plaintiffs, on behalf of themselves and the proposed Plaintiff Class, pray for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

1.    For an Order certifying the proposed Plaintiff Class and/or any other appropriate subclass(es) under Code of Civil Procedure § 382;

2.    That the Court declare, adjudge and decree that Defendants violated the wage and overtime provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Representative Plaintiffs and the Plaintiff Class, as applicable;

3.    That the Court declare, adjudge and decree that Defendants willfully violated their legal duties to pay wages, including overtime wages and/or the applicable minimum wage, under the California Labor Code and the applicable California IWC Wage Order;

4.    That Defendants are found to have violated Labor Code §§ 226.7 and/or 512 for willful failure to provide meal and/or rest periods and the relevant sections of the applicable IWC Wage Order to pay wages for these violations;

5.    That Defendants are found to have violated California Labor Code §§ 201, 203, 204, 510 and 1198 for willful failure to pay all compensation owed including that which is owed at the time of termination or within 72 hours of resignation of employment to particular Class Members;

6.    That Defendants are found to have violated the record keeping provisions of Labor Code §§ 226(a) and 1174(d) and § 7 of the applicable Wage Order as to the Representative Plaintiffs and Class Members and for willful failure to provide accurate semimonthly itemized wage statements thereto;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94611
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

7.     That Defendants are found to have violated Business & Professions Code § 17200 *et seq.* by, *inter alia*, failing to pay the Representative Plaintiffs and the Class Members all compensation for meal and/or rest periods denied, and by failing to pay penalties to particular Class Members;

8.     That the Court make an award to the Representative Plaintiffs and the Plaintiff Class of damages in the amount of unpaid compensation, including interest thereon, and penalties, in an amount to be proven at trial;

9.     That the Court make an award to the Representative Plaintiffs and Class Members of civil penalties specified in Labor Code § 2699 for each violation of Labor Code §§ 201-203, inclusive, 226, 226.7, 406, 510, 512, 1174, 1194, 1198 and 2802;

10.     That Defendants be ordered and enjoined to pay restitution to the Representative Plaintiffs and the Class Members due to Defendants' unlawful activities, pursuant to Business & Professions Code §§ 17200-08, *et seq.*;

11.     That Defendants further be enjoined to cease and desist from unlawful activities in violation of Business & Professions Code § 17200 *et seq.*;

12.     For all other Orders, findings and determinations identified and sought in this Complaint;

13.     For interest on the amount of any and all economic losses, at the prevailing legal rate;

14.     For reasonable attorneys' fees, pursuant to California Labor Code §§ 218.5, and/or California Civil Code § 1021.5; and

15.     For costs of suit and any and all such other relief as the Court deems just and proper.

Dated: May 28, 2013

                                   SCOTT COLE & ASSOCIATES, APC


                        By:  _Hannah Salassi_
                             Hannah R. Salassi, Esq.
                             Attorneys for Representative Plaintiff
                             and the Plaintiff Class

-16-
Complaint for Damages, Injunctive Relief, and Restitution



JURY DEMAND

Plaintiffs and the Plaintiff Class hereby demand trial by jury of all issues triable as of right by jury.

Dated: May 28, 2013

SCOTT COLE & ASSOCIATES, APC


By: _Hannah Salassi_
Hannah R. Salassi, Esq.
Attorneys for Representative Plaintiff
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-17-
Complaint for Damages, Injunctive Relief, and Restitution

Superior Court of California
County of San Diego


# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT


**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 010313 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.


# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:     330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:        Central
TELEPHONE NUMBER:   (619) 450-7072

PLAINTIFF(S) / PETITIONER(S):   Carlos Aguilar et.al.

DEFENDANT(S) / RESPONDENT(S):  Grassroots Campaigns Inc

AGUILAR VS. GRASSROOTS CAMPAIGNS INC

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2013-00050421-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Timothy Taylor                         Department: C-72

COMPLAINT/PETITION FILED: 05/28/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/01/2013 | 09:15 am | C-72 | Timothy Taylor |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except:  small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2013-00050421-CU-OE-CTL   CASE TITLE:
Aguilar vs. Grassroots Campaigns Inc

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>and</u>
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost.*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:    Central | |

| PLAINTIFF(S):  Carlos Aguilar et.al. |
|---|
| DEFENDANT(S): Grassroots Campaigns Inc |
| SHORT TITLE:   AGUILAR VS. GRASSROOTS CAMPAIGNS INC |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2013-00050421-CU-OE-CTL |
|---|---|

Judge: Timothy Taylor                                        Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)               ☐ Non-binding private arbitration

☐ Mediation (private)                       ☐ Binding private arbitration

☐ Voluntary settlement conference (private) ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)              ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                 Date: _____

_____                 _____
Name of Plaintiff                                    Name of Defendant

_____                 _____
Signature                                            Signature

_____                 _____
Name of Plaintiff's Attorney                         Name of Defendant's Attorney

_____                 _____
Signature                                            Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 05/29/2013                                    _____
                                                     JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION | Page: 1 |
|---|---|---|

3

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Scott Edward Cole, Esq. (S.B. # 160744), Hannah R. Salassi, Esq. (S.B. # 230117)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
TELEPHONE NO.: (510) 891-9800    FAX NO.: (510) 891-7030
ATTORNEY FOR *(Name):* Plaintiff Carlos Aguilar

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice Courthouse

CASE NAME:
Aguilar vs. Grassroots Campaigns, Inc.

FOR COURT USE ONLY

MAY 20   A 10:53

MAY 28 '13 AM 9:25

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2013-00050421-CU-OE-CTL |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* (5) Five
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 20, 2013
Hannah R. Salassi, Esq.
(TYPE OR PRINT NAME)                           *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

# EXHIBIT B

cc los/13e850



**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2013 MAY 28  A 11: 08

MAY 28 '13 at  9:23

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GRASSROOTS CAMPAIGNS, INC., and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARLOS AGUILAR and JULIANNE O'HARA individually, and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Diego County Superior Court | CASE NUMBER: *(Número del Caso):* 37-2013-00050421-CU-OE-CTL |
|---|---|

330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado, o del demandante que no tiene abogado, es):*
Hannah R. Salassi, Esq. SCOTT COLE & ASSOCIATES, APC 1970 Broadway 9th Flr, Oakland, CA 94612

| DATE: MAY 2 9 2013 *(Fecha)* | Clerk, by *(Secretario)* | T. Lusch | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Grassroots Campaigns, Inc

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 06/05/13

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

# NATIONWIDE
## LEGAL EXPRESS
LLC

1609 James M Wood Blvd., Los Angeles, CA 90015

**COURT • PROCESS • MESSENGER**

www.nationwideasap.com

| DATE | CONTROL # |
|------|-----------|
| Jul 1, 2013 | 567536 |

| | | | |
|---|---|---|---|
| Los Angeles | CA | (213) 249-9999 | (213) 249-9990 |
| Santa Ana | CA | (714) 558-2400 | (714) 558-2401 |
| San Francisco | CA | (415) 351-0400 | (415) 351-0407 |
| San Diego | CA | (619) 232-7500 | (619) 232-7600 |
| Riverside | CA | (951) 275-0071 | (951) 275-0074 |
| Sacramento | CA | (916) 443-4400 | (916) 443-4401 |
| Phoenix | AZ | (602) 256-9700 | (602) 256-9720 |
| Tucson | AZ | (520) 264-9700 | (520) 624-9701 |
| Las Vegas | NV | (702) 385-5444 | (702) 385-1444 |

Firm:  **DICKSTEIN SHAPIRO LLP**
    **2049 CENTURY PARK EAST, SUITE 700**
    **LOS ANGELES, CA 90067**

Telephone: **(310) 772-8300**    Acct. # **181**

Attorney: **Jennifer Awrey**
Secretary: **Sharon Loving  310-772-8357**
Email: **loving@dicksteinshapiro.com**

Ref./Billing # **Q7841.0000**

## SERVICE TYPES

| SPECIAL | HOT | RUSH | STANDARD/Reg | COURT RUN | SAME DAY ◆ | NEXT DAY |
|---------|-----|------|--------------|-----------|------------|----------|

## MESSENGER SERVICE

From:

To:

Sender:

Attention:

## COURT SERVICES

Case Number:  **37-2013-00050421-CU-OE-CTL**

Case Name:  **Aguilar, et al. v. Grassroots Campaigns, Inc.**

Court Branch:  **Superior Court, County of San Diego**

- [✓] Court Filing
- [ ] Research/Copy
- [ ] Courtesy Copy
- [ ] Recording

☐ DO NOT ADVANCE
Fees Attached $ _____
Advance Fees $ _____
Check Number : _____

## SERVICE OF PROCESS

Company/Person Being Served:

- [ ] Office Service
- [ ] Business
- [ ] Residence
- [ ] Substituted OK

☐ DO NOT ADVANCE
Fees Attached $ _____
Advance Fees $ _____
Check Number : _____

Service Deadline

**TYPE OF DOCUMENTS:**
  **Defendant Grassroots Campaigns, Inc.'s Answer to Complaint**

**SPECIAL INSTRUCTIONS:**

Received By:           Date:        Time:

Exchange 9.504 Rev. Mar '12



COPY

By Fax

1  Arthur F. Silbergeld (SBN 81093)
   SilbergeldA@dicksteinshapiro.com
2  Jennifer A. Awrey (SBN 244332)
   AwreyJ@dicksteinshapiro.com
3  DICKSTEIN SHAPIRO LLP
   2049 Century Park East, Suite 700
4  Los Angeles, CA  90067-3109
   Telephone: (310) 772-8300
5  Facsimile: (310) 772-8301

6  Attorneys for Defendant
   GRASSROOTS CAMPAIGNS, INC.
7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN DIEGO    IMAGED

10 CARLOS AGUILAR, and JULIANNE O'HARA,          Case No. 37-2013-00050421-CU-OE-CTL
   individually, and on behalf of all other similarly
11 situated,                                     DEFENDANT GRASSROOTS
                                                 CAMPAIGNS, INC.'S ANSWER TO
12          Plaintiff,                           COMPLAINT

13     vs.

14 GRASSROOTS CAMPAIGNS, INC., and DOES
   1-50, inclusive,
15                                               Complaint Filed:    May 28, 2013

           Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

DICKSTEIN
SHAPIRO LLP

DOCSLA-111808v1

1   Defendant Grassroots Campaigns, Inc. ("Defendant") hereby answers the Class Action

2   Complaint ("Complaint") of Plaintiffs Carlos Aguilar and Julianne O'Hara as follows:

3   **GENERAL DENIAL**

4   1.   Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies

5   each allegation in the Complaint, and further denies that any alleged act or omission by Defendant

6   caused Plaintiffs to suffer damage in any sum whatsoever.

7   **FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

8

9   2.   The Complaint fails to state facts sufficient to constitute a cause of action against

10  Defendant.

11  **SECOND AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

12

13  3.   Plaintiffs failed to take reasonable steps and to exercise due diligence in an effort to

14  minimize or mitigate the alleged damages, if any.

15  **THIRD AFFIRMATIVE DEFENSE**
**(Reasonableness and Good Faith)**

16

17  4.   Defendant acted reasonably and in good faith based on the facts and circumstances

18  known to itself.  Accordingly, plaintiffs are not entitled to recover any damages or penalty.

19  **FOURTH AFFIRMATIVE DEFENSE**
**(Compliance with Statute)**

20

21  5.   The conduct of Defendant at all times complied with all applicable statutes,

22  regulations and laws.  Accordingly, the Complaint and each purported cause of action therein is

23  barred.

24  **FIFTH AFFIRMATIVE DEFENSE**
**(No Willful Conduct)**

25

26  6.   Defendant did not violate any provision of the Labor Code or any order of the

27  Industrial Welfare Commission willfully or knowingly.  A good faith dispute exists as to whether

28

DICKSTEIN
SHAPIRO LLP

1

DEFENDANT GRASSROOTS CAMPAIGNS, INC.'S ANSWER TO COMPLAINT

DOCSLA-111808v1

1  Defendant's alleged conduct violated any such provision or order.  Accordingly, Plaintiffs are not

2  entitled to recover any damages or penalty.

3                          **SIXTH AFFIRMATIVE DEFENSE**
                                 **(Lack of Standing)**
4

5       7.     Plaintiffs lacks standing to assert the causes of action alleged in the Complaint on

6  behalf of the general public.

7                        **SEVENTH AFFIRMATIVE DEFENSE**
                               **(Statutes of Limitations)**
8

9       8.     Plaintiffs' Complaint and each purported cause of action therein is barred by the

10  applicable statutes of limitations, including, but not limited to, Labor Code section 203, Code of

11  Civil Procedure sections 338(a), 340(a), and Business and Professions Code section 17208.

12                          **EIGHTH AFFIRMATIVE DEFENSE**
                           **(Inadequacy of Class Representative)**
13

14      9.     Defendant is informed and believes that Plaintiffs are not adequate representatives of

15  the putative class.

16                          **NINTH AFFIRMATIVE DEFENSE**
                               **(Class Is Not Numerous)**
17

18      10.    The purported class is not so numerous as to make individual joinder of all members

19  impracticable.

20                          **TENTH AFFIRMATIVE DEFENSE**
                        **(No Well-Defined Community of Interest)**
21

22      11.    A class action is not appropriate because individual issues and/or remedies

23  predominate over the asserted class-wide grievance and/or declaratory or injunctive relief.

24                        **ELEVENTH AFFIRMATIVE DEFENSE**
                              **(No Commonality of Claims)**
25

26      12.    Plaintiffs' claims are not representative of the proposed/putative class.

27

28

## TWELFTH AFFIRMATIVE DEFENSE
### (Res Judicata, Bar and Merger)

13.   The Complaint and each purported cause of action therein is barred by the doctrine of res judicata.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

14.   The Complaint and each purported cause of action therein is barred by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

15.   The Complaint and each purported cause of action therein is barred by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Laches)

16.   The Complaint and each cause of action alleged herein is barred by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

17.   The Complaint and each purported cause of action therein is barred by the doctrine of estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Proper Classification)

18.   The Complaint and each purported cause of action therein is barred because Defendant properly classified Plaintiffs and any putative class members as exempt employees.

DICKSTEIN
SHAPIRO LLP

DEFENDANT GRASSROOTS CAMPAIGNS, INC.'S ANSWER TO COMPLAINT

DOCSLA-111808v1

1

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Tangible Loss of Benefits)

2

3    19.    The Complaint and each purported cause of action therein is barred because

4  Defendant properly provided overtime compensation, meal periods and rest breaks to Plaintiffs and

5  the putative class members.

6    ### NINETEENTH AFFIRMATIVE DEFENSE
### (No Unlawful Conduct)

7

8    20.    Plaintiffs' cause of action for unfair competition  is barred in whole or in part because

9  the conduct of Defendants as alleged in the Complaint is not "unlawful" as defined under the

10  California Business & Professions Code.

11    ### TWENTIETH AFFIRMATIVE DEFENSE
### (No Unfair Conduct)

12

13    21.    Plaintiffs' cause of action for unfair competition is barred in whole or in part because

14  the conduct of Defendant as alleged in the Complaint is not "unfair" as defined under the California

15  Business & Professions Code.

16    ### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Private Right of Action)

17

18    22.    Plaintiffs' cause(s) of action for failure to provide and pay for rest and meal periods is

19  barred because there is no private right of action under California Labor Code section 226.7.

20    ### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Meal and Rest Period Claims Barred)

21

22    23.    Plaintiffs' cause(s) of action for failure to provide and pay for rest and meal periods is

23  barred because Defendant provided Plaintiffs and putative class members with meal and rest periods

24  in accordance with California Labor Code § 226.7, pursuant to which employers need only provide

25  employees with meal and rest periods, but need not ensure that meal and rest periods are actually

26  taken.

27

28

DICKSTEIN
SHAPIRO LLP

4

DEFENDANT GRASSROOTS CAMPAIGNS, INC.'S ANSWER TO COMPLAINT

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Consent)

24.     The alleged conduct of Defendants complained of in the Complaint was approved, consented to, authorized, and/or ratified by Plaintiffs and the putative class members through their actions, omissions and course of conduct; accordingly, the Complaint and each purported cause of action therein are barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees and Costs Unwarranted)

25.     The Complaint fails to state facts sufficient to support an award of attorneys' fees or costs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Reasonableness and Good Faith)

26.     Defendants and their agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiffs and the putative class members are barred from any recovery in this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Damages Available under California Business and Professions Code §§ 17200, *et seq.*)

27.     The Complaint is barred in whole or part because a penalty is not recoverable under California Business & Professions Code sections 17200, *et seq.*

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiffs take nothing by virtue of the Complaint;

2.      For judgment in favor of Defendant and against Plaintiffs;

///
///
///
///
///

DICKSTEIN
SHAPIRO LLP

DOCSLA-111808v1

3.    For Defendant's costs of suit incurred herein, including attorneys' fees; and

4.    For such other and further relief as the Court may deem just and proper.


DATED: July 1, 2013                    DICKSTEIN SHAPIRO LLP


                                       By: _____
                                          Arthur F. Silbergeld
                                          Jennifer A. Awrey
                                       Attorneys for Defendant GRASSROOTS CAMPAIGNS,
                                       INC.

**PROOF OF SERVICE**

*Carlos Aguilar, Julianne O'Hara v. Grassroots Campaigns, Inc.*
Case No. 37-2013-00050421-CU-OE-CTL

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF LOS ANGELES        )

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the action.  My business address is 2049 Century Park East, Suite 700, Los Angeles, CA 90067-3109.  On July 1, 2013, I served the document(s) on the interested parties in this action as follows:

**DEFENDANT GRASSROOTS CAMPAIGNS, INC.'S ANSWER TO COMPLAINT**

By placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

               See attached Service List

☒    **BY ELECTRONIC MAIL**:  I caused the foregoing document(s) to be served on all parties set forth above by e-mailing copies to the indicated e-mail addresses.

☒    **BY MAIL**:  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after service of deposit for mailing in affidavit.

☐    **BY OVERNIGHT DELIVERY**:  By causing such envelope to be deposited or delivered in a box or other facility regularly maintained by Federal Express authorized to receive documents, or delivering to a courier or driver authorized by said express service carrier to receive documents, the copy of the foregoing document in a sealed envelope designated by the express service carrier, addressed as stated above, with fees for overnight (next business day) delivery paid or provided for and causing such envelope to be delivered by said express service carrier on [**Insert Date**].

☒    [State]     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on July 1, 2013, at Los Angeles, California.

                         *Sharon Loving*
                          Sharon Loving

SERVICE LIST
*Carlos Aguilar, Julianne O'Hara v. Grassroots Campaigns, Inc.*
Case No. 37-2013-00050421-CU-OE-CTL

Scott Edward Cole
Hannah R. Salassi
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, A  94612
Tel:  510-891-9800
Fax:  510-891-7030
scole@scalaw.com
hsalassi@scalaw.com

# PROOF OF SERVICE

*Aguilar, et al. v. Grassroots Campaigns, Inc., et al.*

Case No. _____

STATE OF CALIFORNIA          )
                             ) ss
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the action. My business address is 2049 Century Park East, Suite 700, Los Angeles, CA 90067-3109. On July 3, 2013, I served the document(s) on the interested parties in this action as follows:

**DEFENDANT GRASSROOT'S CAMPAIGNS, INC.'S NOTICE OF REMOVAL**

**See the attached Service List**

☑ **BY MAIL**: The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after service of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY**: By causing such envelope to be deposited or delivered in a box or other facility regularly maintained by Federal Express authorized to receive documents, or delivering to a courier or driver authorized by said express service carrier to receive documents, the copy of the foregoing document in a sealed envelope designated by the express service carrier, addressed as stated above, with fees for overnight (next business day) delivery paid or provided for and causing such envelope to be delivered by said express service carrier on [Insert Date] .

☐ **BY FACSIMILE MACHINE**: The foregoing document was transmitted to the above-named persons by facsimile transmission from (310) 772-8301 before 5:00 p.m. on said date and the transmission was reported as complete and without error.

☑ **BY ELECTRONIC MAIL**: I caused the foregoing document(s) to be served on all parties by e-mailing copies to the addresses on the attached Service List.

☐ **BY PERSONAL SERVICE**: I caused to be delivered the foregoing document(s) to the addressee(s) specified.

☐ [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ [Federal]        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 3, 2013, at Los Angeles, California.

_____
Sharon Loving

DICKSTEIN
SHAPIRO LLP

DOCSLA-111822v1

SERVICE LIST
*Carlos Aguilar, et al., v. Grassroots Campaigns, Inc., et al.*
Case No._____

Scott Edward Cole, Esq.
Hannah R. Salassi, Esq.
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA  94612
Telephone: 510-891-9800
Facsimile: 510-891-7030
E-Mail: scole@scalaw.com
          hsalassi@scalaw.com

DICKSTEIN
SHAPIRO LLP

NOTICE OF REMOVAL

DOCSLA-111822v1